# BALTIMORE CITY COURT.

Filed June 21, 1923.

NATIONAL ELECTRIC SALES COMPANY

VS.

GEORGE O. JONES AND EMMA JONES.

*Mark W. Wright* for plaintiff.

*George S. Booker* for defendant.

BOND, CARROLL T., J.—

The order for judgment has not yet been signed because of a question as to the propriety of it in this case. And if counsel care to do so, I should be glad if they would submit notes on it.

The authority for the entry of the judgment is contained in a contract embodied in or attached to an order blank for the wiring of a house according to a few specifications "in a thoroughly substantial and workmanlike manner." Everything was executory at that time, no work was done, performance according to promise was a question for the future. The authority was in effect, therefore, one for the entry of judgment for money that might never become due, in whole or in part, under the contract, the only prerequisite being an *ex parte* affidavit of the contractor, all without notice to the owners. The extension by counsel in late years of the use of the device of judgment by confession has made us realize more than once that it is not adapted to all transactions, and that its use may be extended in some instances beyond the intention of the law. I am not satisfied that the use here attempted is proper.

And perhaps in this case we may have to give some consideration to a problem which has been suggested several times in the Baltimore City Court in cases tried this year; a problem which is far-reaching, and not easy to solve, as I see it. It arises from the insertion in order blanks, applications, or other papers used in routine business, of elaborate standard forms of contract greater in scope than any meeting of minds which may be counted upon in such business. There can be no objection to the use of standard forms of contract, of course, in so far as they are actually to state agreements, but frequently trade groups or establishments have prepared elaborate forms designed to cover all eventualities which wide experience and the ingenuity of counsel can suggest, and obtain signatures of customers to these, when it is almost certain that customers will not give the time to study them out, or will not be able to take them in if they do study them. If we say that a man must know what he is signing before he signs, and stop with that, then, apparently, we say that the contractor who puts out such forms may have the benefit of a rule which demands more of humanity than can reasonably be expected. In some cases it is questionable whether the business could be carried on if customers actually took the time necessary to study the forms they must sign. As a consequence, we see honest people too frequently bound to their detriment by engagements they had no idea of making. It puts a strain on our ordinary working principles. Here the authority for the confession of judgment is contained in a long contract with many clauses crowded into it, and I find it difficult to believe that the particular clause in question could have been actually agreed on.

I am inclined to order the defendants summoned before entering the judgment, unless some good objection to that is made apparent.